**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE HUE LY LA,<br><br>　　　　　Petitioner. | Case No. 23-mc-00034 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Petitioner Hue Ly La's Motion to Amend her certificate of naturalization, as well as Petitioner's Motion to Seal the docket and all filings in this matter. (ECF Nos. 1, 4.) Petitioner seeks to amend the date of birth recorded on her certificate of naturalization issued by the Clerk of this Court on February 28, 1985. (ECF No. 7 at 26.[1]) The Government filed a letter in response advising that it "takes no position as to Petitioner's motion." (ECF No. 3 at 1.) Petitioner subsequently filed a Memorandum of Points and Authorities in support of the Motion. (ECF No. 7.) The Court carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Petitioner's Motion to Amend her naturalization certificate is **GRANTED**, and her Motion to Seal is **DENIED** without prejudice.

---

[1] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

**I.      BACKGROUND**

The Court draws the factual background of this matter from Petitioner's sworn declaration submitted in support of her Motion.  (*See* ECF No. 7 at 18-24.)

Petitioner states that she was born on November 18, 1955 in Tra Vinh, Vietnam, as one of nine children born to La Van and Banh Quoi.  (*Id.* ¶ 5.)  Petitioner and her siblings were among the hundreds of thousands of refugees who attempted to flee Vietnam by sea following the collapse of the South Vietnamese government in 1975.  (*Id.*)  After their first unsuccessful attempt to flee by sea led to their recapture, Petitioner and her siblings were held in a detention camp from 1976 to 1978.  (*Id.* ¶¶ 10-11.)

In 1979, Petitioner and her family attempted to leave Vietnam by sea for a second time on a boat that was overcrowded with other refugees.  (*Id.* ¶ 12.)  While at sea, the boat was attacked and severely damaged by pirates.  (*Id.* ¶¶ 12-13.)  Petitioner and the other refugees convinced the pirates not to board by throwing their valuables onto the pirates' ship.  (*Id.* ¶ 13.)  The refugees' boat, however, began to sink as it approached their destination of Malaysia.  (*Id.* ¶ 14.)  Petitioner and her family were rescued, but their possessions were lost when the boat sank.  (*Id.*)  Petitioner believes that her original birth certificate was likely lost over the course of this journey.  (*Id.* ¶ 4.)

In Malaysia, Petitioner and her family were taken to a large refugee camp for Vietnamese refugees on Pulau Bidong Island.  (*Id.* ¶¶ 6, 15.)  There, Petitioner's father—who did not speak English at the time—worked with an interpreter to prepare documents that would allow Petitioner and her family to immigrate to the United States.  (*Id.*)  Petitioner does not recall reviewing the documents herself or speaking during an interview between her family and representatives from the United States to determine whether Petitioner and her family were eligible for resettlement.  (*Id.* ¶ 16.)

Six months later, Petitioner and her family were approved to resettle in the United States and arrived on October 23, 1979. (*Id.* ¶ 18.) At some point after she arrived, Petitioner recalls visiting a government agency and noticing for the first time that her date of birth had been recorded incorrectly. (*Id.* ¶ 18.) Although Petitioner wanted to correct her date of birth, she did not have her original birth certificate or any legal proof to correct the date. (*Id.*) Moreover, she was unable to obtain her original birth certificate at the time because the United States had no diplomatic relationship with the Socialist Republic of Vietnam.[2] Accordingly, when Petitioner submitted her naturalization application in 1984, she was forced to use the incorrect date of birth listed on her Form I-94 card.[3] (*Id.* ¶ 19.)

Petitioner was naturalized as a United States citizen on February 28, 1985. (*Id.*) Her certificate of naturalization was issued by the Clerk of Court for the United States District Court for the District of New Jersey and lists her date of birth as November 18, 1961. (*Id.* at 26.) Petitioner states that she has always wanted to correct her date of birth on her legal documents, but was discouraged by the difficulty of the process and her inability to travel back to Vietnam due to the lack of diplomatic relations between Vietnam and the United States. (*Id.* ¶ 20.) In 2007, Petitioner's brother traveled to Vietnam and retrieved a certified copy of her birth certificate, but

---

[2] In support of her motion, Petitioner includes a two-page timeline of "Key dates in Vietnam-US relations" that appears to be published by the Embassy of Vietnam and printed from its website on October 23, 2008. (ECF No. 7 at 30-31.) The timeline states that the United States and Vietnam reestablished diplomatic relations in 1995. (*Id.*) The Government did not object to the Court's reliance on these dates, and thus the Court accepts the timeline for the purpose of noting that the United States and Vietnam did not have diplomatic relations until 1995. *See also In re La*, Case No. 23-mc-33, 2023 WL 8189337, at *3 n.6 (D.N.J. Nov. 27, 2023).

[3] Petitioner submitted this document as Exhibit 3 to her Motion. (ECF No. 7 at 25.) The document lists Petitioner's birth location as Tra Vinh, Vietnam and her birth date as November 18, 1961. (*Id.*) The I-94 further states that Petitioner's parole into the United States was "indefinite" and that the purpose of admission was as a "Viet Refugee." (*Id.*)

Petitioner was unsuccessful in retrieving a certified translated copy from the Vietnamese Embassy in Washington, D.C. (*Id.* ¶¶ 21-22.) Petitioner did not attempt to amend her naturalization certificate for another decade until her brother was able to correct his certificate, which encouraged her to file the instant Petition. (*Id.*) Petitioner's friend successfully retrieved a copy Petitioner's birth certificate in 2022. (*Id.* ¶ 23.) Petitioner then received a certified translation of the birth certificate dated September 30, 2022 from the Embassy of the Socialist Republic of Vietnam to the United States. (*Id.*)

Petitioner declares that she has not received any immigration benefits or any benefits from the United States Government by using the incorrect date of birth that was originally recorded on her immigration documents. (*Id.* ¶ 26.) In addition, Petitioner believes that she would have been admitted to the United States as a refugee even if her birth date had been recorded correctly. (*Id.*)

In support of her Motion, Petitioner submits a moving brief, (*id.* at 1-14), as well as seven exhibits: (1) Petitioner's Vietnamese Birth Certificate and a translated copy certified by the Consulate of the Socialist Republic of Vietnam in New York; (2) Petitioner's sworn declaration; (3) Petitioner's Form I-94 card; (4) Petitioner's Certificate of Naturalization dated February 28, 1985 and her application for naturalization; (5) a Memorandum of Creation of Record of Lawful Permanent Residence dated December 10, 1981; (6) a timeline of relations between the United States and Vietnam; and (7) a class photo that Petitioner believes was taken on May 2, 1971, showing that Petitioner was a student in 11th Grade, or 16 years old at the time. (*See id.* at 16-32.)

## II.    **JURISDICTION**

The Immigration and Naturalization Act of 1990 (INA) vested the executive branch with the "sole authority" over naturalization of persons as citizens. Pub. L. No. 101-649, § 401(a) (1990) (codified at 8 U.S.C. § 1421(a)). Thus, federal courts lack subject-matter jurisdiction to

amend naturalization certificates issued by the United States Citizenship and Immigration Services pursuant to the INA. *See Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1106, 1109 (9th Cir. 2016) ("Nothing in the [INA] grants us jurisdiction to amend an agency-issued certificate of naturalization or to order USCIS to do so."). Federal courts, however, have jurisdiction to modify court-issued certificates of naturalization that were issued prior to the passage of the INA. *See Collins v. U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1096, 1099 (9th Cir. 2016) (holding that federal courts have jurisdiction pursuant to 8 U.S.C. § 1451(i) (1988) "to correct, reopen, modify, or vacate naturalization certificates that . . . were issued by a federal court prior to the passage of the [INA]"); *Sinha v. U.S. Citizenship & Immigr. Servs.*, Case No. 10-2150, 2011 WL 4594144, at *2 (D.N.J. Sept. 30, 2011) (holding that the court had jurisdiction to amend a naturalization certificate it had issued prior to the INA's passage).

Here, this Court issued Petitioner's certificate of naturalization on February 28, 1985, prior to the INA's enactment. (ECF No. 7 at 26.) Moreover, as the Government has not opposed Petitioner's motion, the Court is satisfied that if the Government "interpreted the Petition as an invitation for the Court to impinge on the executive branch's exclusive prerogative [pursuant to the INA], it would have raised an objection to the relief Petitioner seeks." *In re La*, Case No. 23-mc-33, 2023 WL 8189337, at *4 n.8 (D.N.J. Nov. 27, 2023). Accordingly, the Court has jurisdiction over Petitioner's Motion to Amend her certificate of naturalization. *See id.*; *Sinha*, 2011 WL 4594144, at *1 (holding that the court had jurisdiction to amend a naturalization certificate it had issued prior to the INA's passage); *In re Motion to Correct Certificate of Naturalization*, Case No. 06-265, 2006 WL 2882574, at *2 (D.N.J. Oct. 3, 2006) (holding that the court had jurisdiction to amend a naturalization certificate but denying the petition because the petitioner "put forth no facts to support his claim that his birth date should be changed"); *In re*

*Rose*, Case No. 94-0165, 1994 WL 502501, at *1 (E.D. Pa. Sept. 15, 1994) (holding that courts "have entertained petitions to change the date of birth recorded in a naturalization petition or certificate . . . consistent with applicable regulations and after proper notice"); *see also Constant v. U.S. Citizenship and Immigr. Servs., Dist. Dir.*, 2014 WL 2116289, at *4 (E.D. Mich. May 21, 2014) (noting that the pre-1990 INA regulations vest federal courts with "the power to amend a naturalization document to the courts after final action thereon has been taken by the court" (internal quotations omitted)).

### III. **STANDARD OF REVIEW**

Title 8, section 338.5 of the Code of Federal Regulations (CFR) authorizes the USCIS to correct an individual's certificate of naturalization. *See* 8 C.F.R. § 338.5 (2006); *In re Motion to Correct Certificate of Naturalization*, 2006 WL 2882574, at *1. Under the CFR, such corrections are only proper where (1) the certificate does not conform to the facts shown on the application for naturalization, or (2) a clerical error was made in preparing the certificate. *See* § 338.5(a). Corrections to certificates of naturalization are generally not justified where "the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization." *See* § 338.5(e). Accordingly, courts "considering applications to amend or correct information on certificates of naturalization have been guided by the principles set forth in 8 C.F.R. § 338.5 and thus, are 'resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials.'" *In re Motion to Correct Certificate of Naturalization*, 2006 WL 2882574, at *1 (citing *Varghai v. INS, Dist. Director*, 932 F. Supp. 1245, 1246 (D. Or. 1996)).

But even in the absence of clear clerical error, federal courts have granted applications to

amend dates of birth on certificates of naturalization "where the [Petitioner] provides unequivocal evidence as to his true date of birth or where there is no evidence of fraud and no prejudice results to the government." *See Sinha*, 2011 WL 459411, at *2; *Hussain v. U.S. Citizenship & Immigr. Servs.*, 541 F. Supp. 2d 1082, 1086 (D. Minn. 2008) (surveying petitions to amend certificates of naturalization filed in various districts and noting that courts deny the petitions where "the evidence supporting the petition was quite weak . . . and there was often some indication of fraud or bad faith," but grant petitions where "there was strong evidence that the birth date on the certificate was incorrect, and there was no indication that the petitioner had acted fraudulently or in bad faith"). Petitioner bears the burden of showing that the birth date on her certificate of naturalization is incorrect. *In re Motion to Correct Certificate of Naturalization*, 2006 WL 2882574, at *2.

### IV.  DISCUSSION

Here, the Court finds that Petitioner has provided "unequivocal evidence" as to her true date of birth sufficient to justify an amendment to her certificate of naturalization. *See id.*

First, Petitioner has submitted a copy of her official Vietnamese birth certificate dated August 8, 2022, which is consistent with the timeframe in which Petitioner asserts that her friend in Vietnam retrieved the document. (ECF No. 7 at 16-17, 23.) Petitioner also submitted a certified English translation of the birth certificate, which reflects Petitioner's date of birth as November 18, 1955. (*Id.* at 16.) The Court finds that the certified translation of Petitioner's birth certificate, together with Petitioner's sworn declaration, is sufficient to establish that her true birth date is November 18, 1955. *See In re La*, 2023 WL 8189337, at *5 (finding a certified translated copy of a birth certificate and the petitioner's sworn declaration sufficient to warrant amendment of her naturalization certificate); *Lai Dinh v. United States Citizenship & Immigr. Servs.*, 2021 WL

516803, at *2 (E.D. Cal. Feb. 11, 2021) (finding that a petitioner provided sufficient evidence of her date of birth from a "birth certificate issued by a court in Vietnam, along with a notarized English translation" and an accompanying declaration); *Nguyen v. U.S. Dep't of Homeland Sec.*, 2007 WL 2156649, at *4 (N.D.N.Y. July 25, 2007) (finding that the petitioner had offered "unequivocal evidence" of his date of birth through testimony and a certified copy of his Vietnamese birth certificate).

Next, nothing in the current record suggests that Petitioner's birth date was recorded inaccurately as a result of fraud. *Sinha*, 2011 WL 459411, at *2. Petitioner asserts that the incorrect birth date was recorded during her stay in a refugee camp in Malaysia, where her father—who did not speak English—prepared her immigration documents with the help of a translator. Petitioner also believes that her original birth certificate was lost during her family's chaotic journey by sea. Other courts have found an absence of fraud in similar circumstances. *See In re La*, 2023 WL 8189337, at *5-6; *Lai Dinh*, 2021 WL 516803, at *3 (crediting the petitioner's assertion that "her original birth certificate was lost when she fled from Vietnam"). And the fact that Petitioner affirmed her incorrectly-recorded birth date when she applied for naturalization in 1985 does not preclude the Court from finding that an amendment to her certificate of naturalization is warranted. *See In re La*, 2023 WL 8189337, at *3 (granting a petition to amend despite the petitioner admitting that she "did not object or otherwise indicate to the United States immigration authorities that the date of birth on her Form I-94 or certificate of naturalization was incorrect"); *Nguyen*, 2007 WL 2156649, at *5 (granting an amendment to the petitioner's date of birth despite petitioner's use of his incorrect birth date on multiple government-issued documents).

Finally, the Court finds that amending Petitioner's certificate of naturalization would not prejudice the Government. The Government reviewed Petitioner's submissions and takes no

position on Petitioner's Motion to Amend. (ECF No. 3.) The Court has not found—nor has the Government provided—any reason "to doubt Petitioner's declaration that she has not received any benefit from the United States government by using the incorrect date of birth." *See In re La*, 2023 WL 8189337, at *6.[4] Nor does the lack of evidence demonstrating that Petitioner's incorrect birth date resulted from a clerical error preclude the Court from granting this relief. *See id.*; *Sinha*, 2011 WL 459411, at *2; *Hussain*, 541 F. Supp. 2d 1082, 1086 (collecting cases).

## V.   CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend her Naturalization Certificate is **GRANTED**, and her Motion to Seal is **DENIED** without prejudice. An appropriate Order follows.

Dated: September 9, 2024

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[4] Petitioner has also filed a Motion to Seal this matter and all submissions. (ECF No. 4.) Petitioner's sole argument in support is that "the record contains sensitive and personally identifiable information," and that the Government does not oppose the Motion. (*Id.* at 2.) Absent from Petitioner's Motion are the requirements of Local Civil Rule 5.3(c)(3), which requires that motions to seal "shall include as part of an affidavit, declaration, certification or other documents . . . legitimate private or public interest which warrants the relief sought; . . . the clearly defined and serious injury that would result if the relief sought is not granted, and "why a less restrictive alternative to the relief sought is not available." Accordingly, Petitioner's Motion to Seal is denied without prejudice. Petitioner may refile an appropriate motion that complies with Local Civil Rule 5.3. *See also In re La*, 2023 WL 8189337, at *1 n.2.